IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MILDRED RIVERA LANE, et al., <br><br> Plaintiffs <br><br> v. <br><br> CBF DEVELOPMENT CORP., et al., <br><br> Defendants | CIVIL NO. 10-1359 (JP) |

### OPINION AND ORDER

Before the Court is Defendants Carlos Emilio Bechara Fagundo, Jane Doe, and the conjugal partnership Bechara-Doe's motion to dismiss (**No. 9**) the complaint against them. Said motion is unopposed. Plaintiffs brought the instant action pursuant to diversity jurisdiction alleging violations of Articles 1802 and 1803 of Puerto Rico's Civil Code, P.R. Laws Ann. tit. 31, §§ 5141-5142. The above mentioned Defendants move to dismiss the complaint against them pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Defendants Carlos Emilio Bechara Fagundo, Jane Doe, and the conjugal partnership Bechara-Doe's motion is hereby **GRANTED**.

I.  **FACTUAL ALLEGATIONS**

Defendant CBF Development Corporation ("CBF") is a company organized under the laws of a state that is not North Carolina. Defendants Carlos Emilio Bechara Fagundo ("Bechara") and his wife,

CIVIL NO. 10-1359 (JP)            -2-

Jane Doe, are the presidents and owners of CBF. They also directly supervise the acts of said corporation. Plaintiffs are Tomasa Trujillo ("Trujillo") and her daughter, Mildred Rivera Lane a/k/a Mildred Lane ("Lane"). Plaintiffs reside in North Carolina.

CBF and/or Bechara developed a residential complex named Condominio Bahia Serena II ("Bahia Serena"). On April 17, 2007, CBF signed deed number one hundred twenty which constituted Bahia Serena under the horizontal property regime. Through said deed, CBF was compelled to administer and pay the utility expenses and maintenance fees for the common areas of Bahia Serena until fifty one percent of the apartments were sold.

On April 29, 2009, Lane purchased from CBF apartment 304 at Bahia Serena. Lane was vacationing with Trujillo and other family members in her Bahia Serena apartment on December 30, 2009. On said date, Plaintiffs were leaving the apartment at 6:00 a.m. While stepping down the stairs of the hallway, Trujillo fell because of the lack of lighting. There was no artificial illumination in the stairs nor was there any natural light illuminating the stairs as it was very early in the morning. The lack of lighting in the hallway was caused by an interruption in the Puerto Rico Power Authority's service. Said interruption occurred because Defendants acted negligently and breached their duty to pay for the common area utilities.

CIVIL NO. 10-1359 (JP)          -3-

As a result of the fall, Trujillo suffered severe physical injuries to her legs and head, and had to be taken by ambulance to the nearest hospital. The accident has continued to negatively affect Trujillo's health and lifestyle, and has caused mental anguish to Lane.

## II.  LEGAL STANDARD FOR A MOTION TO DISMISS

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 570.

The First Circuit Court of Appeal has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007). Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

CIVIL NO. 10-1359 (JP)          -4-

III. **ANALYSIS**

Defendants Bechara, Jane Doe, and the conjugal partnership Bechara-Doe move for the Court to dismiss Plaintiffs' claims against them. Specifically, said Defendants argue that Plaintiffs have failed to state a cause of action against them. The Court will now consider Defendants' arguments.

It is a commonly known fact that a corporation has its own personality and assets. D.A.Co. v. Alturas de Florida Development Corp., 132 D.P.R. 905, 924 (1993). Said personality and assets are separate and distinct from those of the corporation's stockholders. Id. Individual stockholders may be held liable when the corporation serves as an alter ego or business conduit of its stockholders. Id. at 925.

A corporation is the business conduit or alter ego of its stockholders when there is such unity of interest and ownership that the personalities of the corporation and stockholders are intermingled and, as a result, the corporation actually is not a separate and independent entity. Id. However, the mere fact that an individual is the sole stockholder of a corporation is not sufficient to impose liability. Id. at 926.

After considering the arguments, the Court agrees with Defendants. Plaintiffs' have failed to present any allegations that would support a finding that Defendant CBF was serving as either an alter ego or business conduit of Defendants Bechara, Jane Doe, and

CIVIL NO. 10-1359 (JP)           -5-

the conjugal partnership Bechara-Doe. Furthermore, Plaintiffs have failed to present any allegations of actions committed by said Defendants, independent from their roles as owners and presidents of CBF, that would allow the Court to find them negligent. Accordingly, the Court finds that Plaintiffs have failed to state a cause of action against Defendants Bechara, Jane Doe, and the conjugal partnership Bechara-Doe.

## IV. CONCLUSION

Thus, the Court **GRANTS** Defendants Bechara, Jane Doe, and the conjugal partnership Bechara-Doe's motion to dismiss Plaintiffs' claims against them. Accordingly, the Court will enter a separate Partial Judgment dismissing the Plaintiffs' claims against said Defendants with prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of September, 2010.

_____
JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE